United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Sebatu Sesay-Sheriff
    Debtor

Case No. 15-15001-elf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Virginia    Page 1 of 1    Date Rcvd: Sep 13, 2017
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 15, 2017.
db          +Sebatu Sesay-Sheriff,    2940 Elbridge Street,    Philadelphia, PA 19149-3026

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                            TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 15, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 13, 2017 at the address(es) listed below:
       DAVID M. OFFEN    on behalf of Debtor Sebatu  Sesay-Sheriff dmo160west@gmail.com, davidoffenecf@gmail.com
       DENISE ELIZABETH CARLON    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
       JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
       THOMAS I. PULEO    on behalf of Creditor    MidFirst Bank tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
       WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                     TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sebatu Sesay-Sheriff<br>    Debtor | CHAPTER 13 |
| MidFirst Bank<br>    Movant<br>vs. | NO. 15-15001 ELF |
| Sebatu Sesay-Sheriff<br>    Debtor | |
| William C. Miller<br>    Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$8,760.21,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2017 through September 1, 2017 at **$921.93**/month |
| Late Charges: | May 16, 2017 through August 16, 2017 at **$22.38**/month |
| Uncollected Late Charges: | **$290.04** |
| Attorney Fees and Costs Related to Bankruptcy Proceedings: | **$1,281.00** |
| Attorney Fees and Costs Related to Foreclosure Proceedings: | **$2,490.00** |
| **Total Post-Petition Arrears** | **$8,760.21** |

2. On May 8, 2017, upon motion of MidFirst Bank, the Court entered an Order granting relief from the automatic stay.

3. That following the entry of the Order granting relief, MidFirst Bank proceeded with its state court action in mortgage foreclosure and obtained judgment on June 28, 2017.

4. That notwithstanding the Court's Order of May 8, 2017 granting relief from the automatic stay, MidFirst Bank has agreed to stay its state mortgage foreclosure action and permit the Debtor to cure the post-petition arrearages.

5. The Debtor shall cure said arrearages in the following manner:

  a). Within seven (7) days of the filing of this Stipulation, Debtor shall file [handwritten: a Motion to Modify] an Amended Chapter 13 Plan to include the post-petition arrears of **$8,760.21**.

[handwritten: DMO]

  b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,760.21** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

6. Beginning with the payment due October 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $921.23 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

8. In the event that the payments under Paragraph 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, then Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) shall be waived.

9. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

10. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:  September1, 2017      By: /s/ Thomas I. Puleo, Esquire
                             Thomas I. Puleo, Esquire
                             KML Law Group, P.C.
                             701 Market Street, Suite 5000
                             Philadelphia, PA 19106

#15-15001

(215) 627-1322
Attorney for Movant/Applicant

Date: 9/11/2017

David M. Offen, Esquire
Attorney for Debtor

Sebatu Sheypsss
Sebatu Sesay - Skay

Date: 9/11/2017

William C. Miller
Chapter 13 Trustee

*without prejudice to any
trustee rights or remedies.

**NO OBJECTION**

**O R D E R**

Approved by the Court this 13th day of September, 2017. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE